IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARRINGTON MORTGAGE SERVICES LLC-DUNS & BROADSTREET #939795238,** | : : : : | |
|     Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 23-CV-3729 |
| **DENIYA SMITH,** | : : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**BARTLE III, J.**                                                                                                           **OCTOBER 18, 2023**

Currently before the Court are a Notice of Removal and a Motion for Leave to Proceed *In Forma Pauperis* filed by Defendant Deniya Smith. (ECF Nos. 2, 4.) For the following reasons, the Court will remand this case to the Philadelphia Court of Common Pleas and enjoin Smith from further efforts to remove this case.

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On June 15, 2023, Carrington Mortgage Services, LLC filed a mortgage foreclosure action against Smith and the Ase Family Trust in the Philadelphia Court of Common Pleas. *Carrington Mortgage Servs., LLC v. Smith*, No. 230601442 (C.P. Phila.). Beginning on August 29, 2023, Smith began repeatedly filing Notices of Removals seeking to remove the case to this Court. Her first Notice of Removal was docketed in this Court as Civil Action Number 23-3376. On September 1, 2023, the Court remanded the case to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Court explained to Smith that her efforts to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441 — allegedly pursuant to the Hague Convention, the Court's admiralty

jurisdiction and the Fair Debt Collection Practices Act, among other federal provisions — failed because it was apparent from the face of the mortgage foreclosure complaint that the claims were based exclusively on state law. *See Carrington Mortgage Services, LLC-Duns & Broadstreet #939795238 v. Smith*, Civ. A. No. 23-3376 (E.D. Pa.) (ECF No. 4). On the same date, Smith filed additional documents in the case and a motion to proceed *in forma pauperis*, which was denied as moot because of the remand.

The next day, Smith filed another Notice of Removal, which was docketed in a new case on September 6, 2023. *See Carrington Mortgage Services, LLC v. Smith*, Civ. A. No. 23-3446 (E.D. Pa.). She filed an Amended Notice of Removal on September 8, 2023. On September 14, 2023, the Court remanded the case to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction for the same reasons Smith's prior case was remanded. *Id.* (ECF No. 6). The Court's order "placed [Smith] on notice that further frivolous removal attempts could result in restrictions on her filing activity." *Id.* Smith subsequently filed a motion for leave to proceed *in forma pauperis*. In a September 18, 2023 order, the Court denied that motion as moot and informed Smith that she "must address any additional matters about this case to the Philadelphia Court of Common Pleas" on the basis that the case was "no longer pending in this Court because this Court has no authority to address the claims raised in the case." *Id.* (ECF No. 8).

On September 21, 2023, Smith filed her Notice of Removal in the instant case. It is essentially the same as her prior notices of removal despite the prior orders of this Court that remanded her case for lack of subject matter jurisdiction.[1] Smith titles her Notice "Letter of

---

[1] Although Smith failed to attach the relevant documentation required by 28 U.S.C. § 1446(a), it is apparent from a comparison to her prior attempts at removal and from the caption that this is yet another effort to remove *Carrington Mortgage Servs., LLC v. Smith*, No. 230601442 (C.P.

Rogatory for Declaratory Relief," and appears to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1441 and § 1331 based on the Hague Convention.  (ECF No. 2 at 1.)  She also appears to invoke "Diversity of Citizenship" as the basis for removal.  (*Id.*)  The body of Smith's Notice of Removal primarily contains Moorish sovereign citizen verbiage[2] and also invokes federal constitutional amendments and other provisions of federal law.  (*Id.* at 1-3.)

On October 5, 2023, the Court directed Smith to show cause, within seven days, as to why this case should not be remanded for the same reasons the Court previously rejected her attempts at removal.  (ECF No. 4.)  Smith was further directed to show cause as to why the Court should not enjoin her "from filing any new notices of removal (regardless of how the document is titled) seeking to remove the underlying state court case of *Carrington Mortgage Servs., LLC v. Smith*, No. 230601442 (C.P. Phila.), or filing any additional documents in this action or her prior removal actions, Civil Action Numbers 23-3376 and 23-3446, apart from a notice of appeal."  (*Id.*)  Smith did not file a response in the time-period provided by the Order.

II.   **REMAND**

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United

---

Phila.) from the Philadelphia Court of Common Pleas to this Court following the Court's prior remands.

[2] "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity.  *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *see also Ibrahim v. Att'y Gen.*, No. 21-1128, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (describing argument based on Moorish heritage as "frivolous"); *Banks v. Florida*, Civ. A. No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

3

States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

For jurisdiction to exits under § 1332(a), "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "[A]s with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

As explained to Smith in the orders remanding the state court case when she previously attempted to remove it, the mortgage foreclosure complaint filed against her in the Philadelphia Court of Common Pleas does not set forth any federal basis for a claim that would justify asserting jurisdiction under § 1331. *See Carrington Mortgage Serv. LLC-Dunns & Broadstreet #939795238 v. Smith*, Civ. A. No. 23-3376 (ECF No. 2-1 (complaint)) & (ECF No. 4 (order)); *Carrington Mortgage Servs., LLC v. Smith*, Civ. A. No. 23-3446 (ECF No. 2-2 (complaint)) & ECF No. 6 (order)). Smith's invocation of what appear to be federal defenses to the complaint and reliance on frivolous legal principles do not change the analysis. *See, e.g., Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016) ("Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a)."). Smith has also failed to invoke a basis for jurisdiction under § 1332 because she has made no effort to allege that the parties are diverse in citizenship. For all of these reasons, the Court lacks jurisdiction over this case and will yet again remand it to the Philadelphia Court of Common Pleas pursuant to § 1447(c).

### III.     PRE-FILING INJUNCTION

"When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process." *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). The All Writs Act, 28 U.S.C. § 1651(a), provides a district court with the ability enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re*

5

*Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  District courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Brow*, 994 F.2d at 1038.  First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989).  Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

It is apparent from Smith's repeated attempts to remove this case to federal court that she will continue to do so unless she is enjoined.  In three orders, the Court clearly explained to Smith that there was no basis to remove the foreclosure case filed against her.  *See Carrington Mortgage Serv. LLC-Dunns & Broadstreet #939795238 v. Smith*, Civ. A. No. 23-3376 (ECF No. 4); *Carrington Mortgage Servs., LLC v. Smith*, Civ. A. No. 23-3446 (ECF Nos. 6 & 8).  She was also explicitly warned that further frivolous attempts at removal could result in restricted filing privileges.  *Carrington Mortgage Servs., LLC v. Smith*, Civ. A. No. 23-3446 (ECF No. 6).  Yet on each occasion the Court remanded the case to state court, Smith immediately filed a new, duplicative notice of removal and/or duplicative notices of removal in her since remanded cases.  Accordingly, Smith's litigation behavior supports issuing an injunction to prevent further frivolous removal attempts or any other efforts to litigate this foreclosure case in federal court.

Prior to issuing this injunction, the Court gave Smith notice and an opportunity to respond to the proposed injunction.  She has not done so during the time-period provided.

Further, the proposed injunction is narrowly tailored in that it is solely limited to any subsequent attempt by Smith to again remove this case to federal court or to file documents in her already remanded cases. It targets only the specific litigation activity as to Smith's improper and repeated efforts to litigate this foreclosure case in federal court, where her abusive filing activity has been demonstrated.

      An order follows that remands this case and sets forth the prefiling injunction against Smith. The Motion to Proceed *In Forma Pauperis* will be denied as moot.